CaRDTHERS, J.,
delivered the opinion of the Court.
Rankin authorized Frazer, in writing, to confess a judgment against him in favor of T. & W. Eakin & Co., for what *230 ever might be found due upon a note given by him to Acuff for $600, and assigned to said Frazer for the use of Eakin & Co., in the Circuit Court of Bledsoe county, at the March Term, 1857. Under this power, Frazer confessed judgment against Rankin for $438.19, the balance found to be due on said note, at the August Term of said Court, 1858. Rankin assigns for error, that there was no authority for this confession ; and that is the only question.
The Code, at sec. 2978, authorizes judgments to be confessed and rendered upon written authority. But still the question remains, can it be done after the time specified in the power ? This must depend upon the general rules of agency.
With reference to the distinction between general and special agencies, this is special and limited. It is not only confined to a special and particular act, but it is limited to a particular time. An agent constituted for a particular purpose, and under a limited power, cannot bind his principal if he exceeds that power. The special authority must be strictly pursued. 2 Kent, 420; 1 Am. Lead. Cases, 524; 2 John. R., 48. In this last case, an authority to sign a note for $250 at six months, was held not to confer power to sign it at sixty days.
In this case, a particular time was expressly fixed for the performance of the act, and the power was not then exercised, but was more than a year afterwards. A man might be very willing to have a judgment against him now, but the lapse of twelve months ma.y have produced such a change of circumstances, as to make him very unwilling that it should be then done. What defences may have arisen in Jhe mean time we cannot tell. At all events, a party has a perfect right to judge of this for himself, and put such restrictions and limitations upon the agency constituted, as he chooses, and the authority given must be strictly pursued, or he is not bound. If the authority had been general as to time, to confess judgment on the note, that would have bound him until revoked. But it was confined, expressly, to a certain term of the Court *231 and if not then exercised, it expired. We have been referred to no authority to sustain such a departure from the limitations of a special power, or agency, and we are not aware that any such exist, or of any principle that would authorize it. But it is said the time was not material, and the delay has ope rated in favor of the principal. We do not know how that may be, but let it be as it may, it cannot aid us in the question of construction of the power. The principal saw fit to limit the time of exercising the power conferred, and we cannot depart from that.
The judgment must, therefore, be reversed.